## BERLINER v. UNITED STATES.
### No. 4084.

Circuit Court of Appeals, Third Circuit.

May 20, 1930.

Stein & Stein, of Paterson, N. J. (Benjamin L. Stein, of Paterson, N. J., of counsel), for appellant.

Phillip Forman, of Trenton, N. J., for the United States.

Before BUFFINGTON and WOOLLEY, Circuit Judges, and W. H. SEWARD THOMSON, District Judge.

WOOLLEY, Circuit Judge.

The appellant, Berliner, was indicted, tried and convicted for using the mails to defraud, in violation of section 215 of the Criminal Code (18 USCA § 338). The indictment charged that, being engaged in the manufacture of silks, he devised a scheme to secure credit from the Kansai Silk Importing Company by means of a false statement of his financial condition and through the credit to defraud it of its goods and wares, and that in executing this scheme he placed or caused to be placed the false statement in the mail of the United States, which, in due course, was received by the Silk Importing Company. Credit was extended and goods shipped, for which he never paid. At the trial Berliner admitted he made the statement, though denying knowledge of its falsity, and denied mailing it, but testified he personally took it to the office of the Silk Importing Company and left it with a girl. The treasurer of the company testified he received the financial statement through the mail and proved that its receipt was acknowledged by the president and produced a stamped and cancelled envelope in which he said the statement was received. The defendant admitted that the envelope was his and that he had addressed and mailed it, but said it contained not the statement but a letter informing the company that he was going to New York with the statement. He did not deny receiving the president's letter of acknowledgment, neither did he produce the girl as a witness nor call for or otherwise prove his letter.

Under the only valid assignment filed in the case, The Blakely (C. C. A.) 285 F. 348, to the effect that the court erred in refusing to direct a verdict of acquittal, there is ample evidence to sustain the verdict on the issue of a scheme to defraud by means of a false financial statement, known to the defendant to be false, leaving the only question of substance in the case—whether the government proved that the defendant mailed the false statement.

Of the two elements in the crime of using the mails to execute a fraudulent scheme, using the mails is the controlling element—the one that makes it a federal offense—and proof of mailing is necessary to conviction. All this was laid down in Freeman v. United States (C. C. A.) 20 F.(2d) 748, where it was held in effect that evidence that a letter was received through the mail by one person is not proof that the letter had been mailed by another person. The defendant says this is the Freeman Case over again. We think it is not. The thing that initially sets this case apart from the Freeman Case is that here the defendant helped the government to prove that he mailed the false statement by admitting that he mailed the envelope in which, on the government's proofs, the statement was sent, but in which the defendant testified a letter, not the statement, was enclosed. Here was an issue of fact as to the content of the defendant's mailed envelope and the jury by its verdict settled it. It resolved the issue, with the defendant's help, by evidence partly direct and strongly circumstantial from which his act of mailing may reasonably and lawfully be inferred. Freeman v. United States (C. C. A.) 20 F. (2d) 748, 750. This distinguishes the case in hand from the Freeman Case.

The judgment is affirmed.