## UNITED STATES v. BAKER et al.

### No. 421.

Circuit Court of Appeals, Second Circuit.

June 1, 1931.

SWAN, Circuit Judge, dissenting in part.

Emanuel Sustick, of Brooklyn, N. Y. (Joseph G. M. Browne, of Brooklyn, N. Y., of counsel), for appellants.

George Z. Medalie, U. S. Atty. and Bernard Tompkins, Asst. U. S. Atty., both of New York City, for the United States.

Before MANTON, SWAN, and CHASE, Circuit Judges.

CHASE, Circuit Judge.

The indictment contained six counts. As to counts I and VI, the jury disagreed. The defendants were found guilty on counts II, III, IV, and V. The individual defendants were officers of the corporate defendant. The indictment charged, in the counts on which the defendants were convicted, and the government introduced evidence to show, that they planned and attempted to defraud three fire insurance companies by falsely representing the cost and value of goods, insured by those companies and destroyed by fire in the premises of the corporate defendant, to be

greatly in excess of their actual cost and value.

To carry out this scheme, it was charged in count II that a letter signed by Murray E. Baker in behalf of the Economy Steel & Tool Company, addressed to St. Lawrence Trading Company, 100 Fifth avenue, New York, N. Y. was mailed November 5, 1926. In count III, the letter charged to have been mailed was written by attorneys for two of the defendants and addressed to Importers' & Exporters' Insurance Company, 47 Beaver street, New York, N. Y. It had to do with the attempt to collect the insurance after the fire. The letter of count IV was written by the same attorneys addressed to British American Assurance Company, Darby Pollock Corporation, 2 Liberty street, New York, N. Y., was of like import, and was charged to have been mailed. That of count V, written by the same attorneys, addressed to Hartford Fire Insurance Company, Hartford, Conn., and charged to have been mailed, was like the other two. The indictment was the last of three indictments found against these defendants on account of this same business. It was filed March 14, 1930.

■ The only thing which gives a federal court jurisdiction of such offenses as are here alleged is the use of the mails. Olsen v. United States (C. C. A.) 287 F. 85; Freeman v. United States (C. C. A.) 20 F.(2d) 748, 750. The mailing of the letter of count II was alleged to have been on a date more than three years and four months before this indictment was found. The statute of limitations is three years. 18 USCA § 582. It had run unless, as has been argued, the former indictments found within the three-year period served to suspend the bar of the statute. There appears to be no good reason why a former unconnected indictment found by some other grand jury should have any such effect as has been suggested, and that it does not has already been decided. United States v. Ballard, 24 Fed. Cas. 972, No. 14,507. See also, Armstrong v. United States (C. C. A.) 16 F.(2d) 62.

■ The evidence of the mailing of the letter of count III was very meager. The lawyer who wrote it testified that he did not know whether it was mailed or not, and that a great many letters delivered by his office were not mailed. It bore the so-called mailing stamp of the addressee, but no witness could tell whether it had been received by mail or not, and the testimony indicated that letters which had been received by messenger would have been so stamped. The evidence as to the mailing of the count IV letter was similar. It simply bore the stamp of the addressee, and it was shown that all correspondence it received was so stamped, whether coming by mail or not. The count V letter was shown to have been received by the addressee at Hartford, Conn., and to have been stamped with its in-coming mail stamp. Nothing else was shown about it except that a former clerk in the addressee's office, who did not testify from any knowledge about the letter except his conclusion drawn from the addressee's stamp it bore, was asked, "In the ordinary course of your business would you say that that letter came through the mail?" and answered "Absolutely."

Since proof of the mailing of one of these letters was the sine qua non of the crime charged, it is necessary to look closely to this question and answer upon which so much depends to determine whether it supplied the requisite proof. Of course, the necessary proof may be furnished by circumstantial evidence alone. Freeman et al. v. United States, supra, and cases cited. But the circumstances proved must exclude all reasonable doubt. While it is often difficult to decide when the evidence is sufficient to reach the point of exclusion of reasonable doubt, it can be only when the presumption of innocence is overcome. When the value of this question and answer is considered, no more is proved by the evidence than when a letter was received through the mail in the ordinary course of business it was stamped with the in-coming mail stamp of the former employer of the witness. From this it is a non sequitur to say that every letter so stamped came through the mail or in the ordinary course of business and that this letter did. We do not know whether the Hartford Fire Insurance Company put this stamp on all letters it received. We know only that the in-coming mail was so stamped. Nothing appears as to letters received without using the mail. But if the weakness of such proof of the mailing of this letter is not otherwise apparent, the evidence that the two other insurance offices which received similar letters used the same stamp whether letters were received by mail or in some other way would serve to engender considerable doubt as to proof of mailing which rests on the imprint of such a stamp. Since this letter went from New York to Hartford, it is very likely that it went by mail, as that is a convenient and customary way to send letters from one city to the other. That is really all the "proof"

of mailing there is. If the guilt of an accused under the mail fraud statute requires no more proof of the mailing of a letter than proof that it was written in one city and received in another, the task of a federal prosecutor in such a case is much simpler than had hitherto been supposed, Freeman v. U. S., supra; Underwood v. U. S. (C. C. A.) 267 F. 412, 418; and 18 U. S. C. A. § 338, would become by construction not a mail fraud but a letter fraud statute, lacking in the essential basis of federal jurisdiction which the use of the mail provides. To avoid such a perversion of the statute, in the guise of passing upon the weight of evidence, it is necessary to insist upon real proof, circumstantial or direct, that, beyond a reasonable doubt, the mail was used.

Judgment reversed.

SWAN, Circuit Judge (dissenting).

I agree that the conviction upon counts 2, 3, and 4 cannot stand. The use of the mails charged in count 2 was barred by the statute of limitations; and mailing of the letters charged in counts 3 and 4 was not proved. But the evidence as to count 5 was, in my opinion, sufficient. The letter was written in New York, addressed to a company in Hartford, Conn., and there received by it. The writer of the letter did not say of this, as he did of the two letters mentioned in counts 3 and 4, that it might have been delivered by hand. Personal delivery of the Hartford letter is most improbable. The receiving stamp reads "mailing division," with the date of receipt. Witness Hale, although not the clerk who received it, says that the receiving stamp indicates that the letter came by mail. There was enough to permit the jury to infer a use of the mails as to this letter, and the conviction on count 5 should be affirmed.