## DAVIS v. UNITED STATES.
### No. 5019.

Circuit Court of Appeals, Third Circuit.

Feb. 9, 1933.

BUFFINGTON, Circuit Judge, dissenting.

P. Warren Green, of Wilmington, Del., for appellant.

Leonard E. Wales, U. S. Atty., of Wilmington, Del.

Before BUFFINGTON, WOOLLEY, and THOMPSON, Circuit Judges.

WOOLLEY, Circuit Judge.

Louis Davis was indicted and tried for devising a scheme to defraud and using the mails in executing the scheme in violation of section 215 of the Criminal Code (18 USCA § 338). On conviction and sentence he appealed, filing several assignments of error of which only one calls for discussion. The others are put aside as insubstantial or not founded on exceptions.

The defendant charges by the pertinent assignment that the court erred in refusing his motion for a directed verdict of acquittal which was predicated on a claim that there is no proof he devised a scheme to defraud by preparing for a commercial agency a false statement of his financial condition and no proof that, for the purpose of executing the scheme, he mailed the statement or caused it to be mailed. Reiterating his position on this appeal and restating it in the form of questions involved, the defendant makes two inquiries: One, was there sufficient evidence on the issue whether he devised a scheme to defraud which justified submission of the case to the jury? We answer, there was. The other, was there any evidence that he mailed the financial statement or caused it to be mailed in executing the scheme? Our answer to this question must await a statement of facts.

In order clearly to bring out the government's evidence on this the second element of the crime charged, we shall, contrary to custom, state the evidence for the defendant. It appears that Davis was a jeweler doing a small retail business in the city of Wilmington, Delaware. J. J. Smokler was a wholesale jeweler doing business in the city of New York. He was also a member and director of the National Jewelers' Board of Trade which, acting as a commercial agency, obtained financial statements from retail jewelers and accorded them ratings. Smokler had a policy of not accepting business from concerns without an approved rating by this commercial organization. Lopartin was a salesman for Smokler. When soliciting business from Davis, Lopartin told him that before Smokler would sell him goods he must give a financial statement to the Board of Trade and obtain a rating. Davis replied that he had a blank form for such a statement recently received from the Board of Trade which he would fill in and hand him if he would call for it after lunch. Lopartin returned to the shop, saw Davis sign the completed statement on the Board's form and received it from him for the purpose of personally carrying and showing it to Smokler, his employer, after which it was to be given to the Board of Trade. On going to the railroad station with an intention to take a train for New York, Lopartin said he changed his mind and concluded to go to Washington for more business. Thereupon he bought a stamp at a place opposite the station and he himself mailed the financial statement to the Board of Trade in the addressed envelope, writing his employer what he had done. Davis denied mailing the statement and confirmed Lopartin's testimony so far as it related to their mutual actions.

This evidence, if believed, would sustain a finding by the jury that the defendant Davis did not mail the statement, or that he did not cause it to be mailed. But the jury by its verdict showed they did not believe it and found that Davis mailed the statement or caused it to be mailed, basing their finding on the government's testimony of mailing which was the single fact that the Board of Trade received through the mail the false financial statement signed by Davis on the form and in the envelope it had previously sent him.

Thus the sole question is whether that was enough evidence on which to submit the issue of mailing. This court in Freeman v. United States, 20 F.(2d) 748, 750, Berliner v. United States, 41 F.(2d) 221, 222, and Cohen v. United States, 50 F.(2d) 819, 821, ruled in effect that the charge of mailing, an essential element of the offense, particularly important because it is also the jurisdictional element, must be proved, and that evidence that a letter was received through the mail by one person is not proof that it had been mailed by the defendant. In other words, to justify submission of the question of mailing by the defendant there must be evidence of that fact, direct or circumstantial. The learned trial judge, knowing these

cases, did not disregard them but submitted the case on a charge which correctly and adequately stated the law, in the belief, however, that "there is some evidence for this jury to consider as to the defendant having mailed that statement." Of course, if there were some evidence legally substantial, some circumstance from which an inference of mailing by the defendant could permissibly be drawn, there was no error, yet we are constrained to say that we cannot find any.

The government points to eight facts as culpable circumstances, all of which, we find, on examination, are unrelated to the offense and, when subjected to the legal test, are as consistent with the hypothesis that the defendant did not mail the statement as they are consistent with the government's contention that he did mail it. A conviction on these circumstances alone would have required the trial judge to set it aside. The inescapable conclusion is that in this record there is no evidence that the defendant mailed the statement or caused it to be mailed other than the fact that the Board of Trade received it through the mail. That, standing alone, and standing, as it does, wholly apart from any evidential circumstances, is under the authorities not enough.

The judgment of sentence is reversed.

BUFFINGTON, Circuit Judge, dissents.