### ROSENBERG v. UNITED STATES.

### UPHOFF v. SAME.

Nos. 2213, 2219.

Circuit Court of Appeals, Tenth Circuit.

May 29, 1941.

Anthony J. Albert, of Santa Fe, N. M. (Romeo Cunningham, of Santa Fe, N. M., on the brief), for appellants.

Everett M. Grantham, U.S. Atty., of Santa Fe, N. M. (Gilberto Espinosa, Asst. U. S. Atty., and Donald B. Moses, Asst. U. S. Atty., both of Albuquerque, N. M., on the brief), for appellee.

Before PHILLIPS, BRATTON, and MURRAH, Circuit Judges.

BRATTON, Circuit Judge.

The defendants below, Joel E. Rosenberg and William C. Uphoff, were convicted of

using the mails in furtherance of a scheme to defraud, in violation of section 215 of the Criminal Code, 18 U.S.C.A. § 338. The indictment charged that Uphoff sold to C. W. Harber a one-half interest in an oil and gas lease covering 120 acres of land in New Mexico for $60; that thereafter Rosenberg pretended to offer Harber $7.50 per acre and later $25 per acre for his interest in the lease; that both defendants represented to Harber that more money could be had by drilling a well on a 2,000 acre tract which would include the acreage owned by Uphoff and Harber, and suggested that the two advance jointly the sum of $1,800 as their share of the drilling fund; that drilling would start in the near future, and if results were satisfactory they would sell part of their acreage for $100 per acre; and that Harber would be paid interest on the money which he advanced. It was further charged that all of such pretenses, representations, and promises were false and fraudulent, and that for the purpose of executing such scheme the defendants caused to be delivered through the post office at Santa Fe, New Mexico, the following letter which had been deposited in the post office at Moline, Illinois:

"Jany. 14, 1939.
"Commissioner of Public Lands,
"Santa Fe, New Mexico.
"Dear Sir:
"Enclosed find Assignment of our Gas Lease B-7791, SE¼ SW¼ Section 20-168-25E, SW¼ NE¼, Section 29-16S-25E, Lot 10 Section 2-16S-26E, 120 acres Eddy County, New Mexico.
"I am enclosing $5.00 for recording fee. Please mail lease direct to C. W. Harber, 306 N. Park St., Streator, Illinois as soon as approved by you.
"Thanking you, I remain,
"Yours very truly,
"Wm. C. Uphoff."

The facts material to a decision are not in dispute. Harber resided at Streator, Illinois, and owned a farm near there. He first met Uphoff in November, 1938. Uphoff called on him and began negotiations to sell him an interest in a mineral lease covering 120 acres of land in New Mexico. On January 13, 1939, after several intervening calls, Harber purchased a one-half interest in the lease for $60, of which $10 was paid at the time and the balance later. Harber received through the mails a letter dated January 14th, purporting to be signed by Uphoff, and reading:

"William C. Uphoff
"P. O. Box 573
"Peoria, Illinois
"1-14-39
"Dear Mr. Harber—
"Inclosed find copy of letter to the Commissioner, which please file; until you receive your lease.
"I hope, you can go to Southern Ills with me next week, and; get in with us, and; make quick money.
"Thanking you, I am
"Very truly
"Wm. C. Uphoff"

A copy of the letter described in the indictment accompanied the letter just referred to. Rosenberg went to the home of Harber sometime after the half interest in the lease had been purchased. Uphoff was there. Rosenberg was going under the name of Mason. Rosenberg and Uphoff pretended to be strangers. After some discussion in which Rosenberg pretended a keen desire to purchase Harber's interest in the lease, it was suggested that Uphoff and Harber advance $1,800 to be placed in a fund for use in drilling a well on a 2,000 acre tract which would include the lease owned by Uphoff and Harber. Harber was induced to advance $1,800 in cash for the pretended purpose; but no well was contemplated or drilled, and he lost the amount contributed. The letter described in the indictment, and an assignment of an oil and gas lease reached the office of the Commissioner of Public Lands of New Mexico, at Santa Fe. The file mark placed on them recited that they were filed February 3, 1939, at 12:15 o'clock. It was the uniform custom in the office to place the same stamp or mark on all incoming instruments and papers to indicate the time of arrival. No distinction was made between instruments and papers coming through the mails and those handed over the counter. A representative of the land office detailed the method of placing the stamp on all incoming instruments and papers, and testified without qualification that he did not know whether the letter and assignment came through the mails or were handed over the counter; Harber testified that he received the assignment through the mails from the Commissioner, but that he did not know how it or the letter set forth in the indictment reached the Commissioner; and no other evidence was offered relating to that essential issue of fact.

The crime charged in the indictment has its genesis in the scheme to defraud, but the very gist and crux of the offense is the use of the mails in furtherance of the scheme. It is the use of the mails for that purpose which vests a federal court with jurisdiction of the offense. Direct proof that the letter or other matter described in the indictment in a case of this kind was transmitted through the mails is not necessary. That fact, like many others, may be established by circumstantial evidence. Freeman v. United States, 3 Cir., 20 F.2d 748; Brady v. United States, 8 Cir., 24 F.2d 399, certiorari denied, 278 U. S. 603, 49 S.Ct. 10, 73 L.Ed. 531; United States v. Baker, 2 Cir., 50 F.2d 122; Cohen v. United States, 3 Cir., 50 F.2d 819; Berliner v United States, 3 Cir., 41 F.2d 221; Davis v. United States, 3 Cir., 63 F.2d 545; Mackett v. United States, 7 Cir., 90 F.2d 462; Whealton v United States, 3 Cir., 113 F.2d 710. But an inference of fact which is essential to the establishment of the offense cannot be rested upon another inference. Conviction cannot be predicated upon one inference pyramided upon another. Presumption cannot be superimposed upon presumption and thus reach the ultimate conclusion of guilt. United States v. Ross, 92 U.S. 281, 23 L.Ed. 707; Vernon v. United States, 8 Cir., 146 F. 121; Brady v. United States, supra; Mackett v. United States, supra.

It is to be observed that no direct evidence was adduced which tended to show that the defendants placed the letter described in the indictment in an envelope addressed to the Commissioner, that they placed postage on the envelope, and that they deposited the envelope in the post office directed to the Commissioner, or that they otherwise caused the letter to be transmitted and delivered to the Commissioner through the mails. No one testified even remotely to any such fact or facts. No envelope was offered. The government places strong reliance upon the letter from Uphoff to Harber as indicating that the letter to the Commissioner was sent by mail. But the letter to Harber merely stated that a copy of a letter to the Commissioner was enclosed. It did not even state that such letter had been sent to the Commissioner, much less that it had been sent by mail. Furthermore, the letter to Harber was written January 14th, and if the letter to the Commissioner had been mailed at that time it would have arrived at its destination within two or three days. But it did not actually reach the Commissioner until February 3rd, about nineteen days later. The government offers no explanation for the delay, and doubtless in the nature of things it can supply none. If the letter was mailed in Illinois, it must have been posted about the last of January or the first of February, and there was no showing that Uphoff or Rosenberg was there at that time. The mere fact that it was written in Illinois and reached New Mexico is not enough. Cf. Underwood v. United States, 6 Cir., 267 F. 412; Freeman v. United States, supra; United States v. Baker, supra. One of the accused may have delivered it in person, it may have been sent by messenger, or it could have been transmitted by express. Inference upon inference or presumption upon presumption was the only basis for the conclusion of the jury that the defendants caused the letter to be transmitted and delivered through the mails.

The evidence upon the essential element of transmittal and delivery by mail was not sufficient to take the case to the jury. Freeman v. United States, supra; Brady v. United States, supra; United States v. Baker, supra; Mackett v. United States, supra; Whealton v. United States, supra.

Other errors are assigned and argued, but our conclusion upon the question discussed eliminates need to consider them.

The judgment is reversed and the cause remanded.