## DE CAMP v. UNITED STATES.

(Court of Appeals of District of Columbia. Submitted November 2, 1925. Decided January 4, 1926.)

No. 4252.

1. **Criminal law ⬄438—Motion picture of manufacture of glass caskets held properly excluded, in prosecution for fraud.**

In trial for conspiracy to use mails to defraud by selling stock in corporation to manufacture glass caskets, which government charged could not be made, motion picture of manufacture of such caskets at company's plant *held* properly excluded, as not proving actual occurrence apart from witnesses' testimony as to thing produced.

2. **Criminal law ⬄1170(2)—Exclusion of motion picture of manufacturing process, verified by testimony, not prejudicial.**

In trial for conspiracy to use mails to defraud by selling stock in glass casket corporation, exclusion of motion pictures of manufacture of such caskets, which government charged could not be made, was not prejudicial, if picture was verified by testimony.

3. **Conspiracy ⬄24.**

A single defendant cannot be guilty of conspiracy.

4. **Conspiracy ⬄23.**

Possible acquittal of codefendants not yet tried, or retried after jury disagreement, does not warrant reversal of conviction for conspiracy.

5. **Criminal law ⬄472—Expert testimony that glass burial caskets were not commercially feasible admissible in trial for conspiracy to defraud by selling stock in corporation manufacturing them.**

In trial for conspiracy to use mails to defraud by selling stock in glass casket corporation, expert testimony that making of glass burial caskets was not commercially feasible *held* admissible.

6. **Criminal law ⬄730(11)—District attorney's misconduct in calling for production of original documents held not prejudicial.**

Misconduct of district attorney in calling for production of original documents, as to whereabouts of which codefendant testified, *held* not prejudicial, in view of court's caution to jury that defendant must not be presumed against, because of failure to produce them.

7. **Criminal law ⬄829(1)—Refusal of instructions requested by particular codefendant is not error, where already covered by instruction given on behalf of a codefendant.**

Where court, in general charge as to all defendants, gave instructions requested by one of them, and with direct reference to like instructions requested by another defendant told jury that instructions theretofore read by counsel were instructions as to law asked, and were given as court's instructions on law of case, refusal of such duplicate prayers was not error.

Appeal from the Supreme Court of District of Columbia.

James De Camp was convicted of conspiracy to use the mails in furtherance of a scheme to defraud, and he appeals. Affirmed.

T. M. Wampler, of Washington, D. C., for appellant.

Peyton Gordon, of Washington, D. C., for the United States.

Before MARTIN, Chief Justice, and ROBB and VAN ORSDEL, Associate Justices.

VAN ORSDEL, Associate Justice. Appellant, De Camp, appeals from a conviction under an indictment charging him and Samuel M. Acker, Anderson B. Lacy, Edwin C. Reed, and Ralph A. Howe, of the crime of conspiring to use the mails in furtherance of a scheme and device to defraud in connection with the promotion and sale of the capital stock of the Crystal Glass Casket Company, a corporation. Acker and Lacy were granted a severance. On trial, appellant was convicted, Reed was acquitted, and the jury disagreed as to Howe.

The first assignment of error is based upon the action of the trial court in overruling a motion for a directed verdict. It is insisted that everything proved at the trial is as consistent with innocence as with guilt, and numerous authorities are cited to the effect that, where this condition is disclosed, a motion for a directed verdict should be granted. We have carefully examined the testimony, as disclosed in the record in this case, and are satisfied that the evidence was amply sufficient to support the verdict of the jury, and the denial of the motion accordingly was without error.

[1] Error is assigned on the admission and exclusion of certain evidence. It appears that a reel of motion pictures was taken at the company's plant in Oklahoma, purporting to show the actual manufacture, in all stages, of glass caskets of different sizes. Defendants offered the reel in evidence, and moved the court for permission to exhibit the pictures to the jury by a moving picture machine in the courtroom. The court denied the motion and declined to permit the exhibition to be made to the jury. One of the principal criminating charges of the government in this case was that glass caskets could not be made, and evidence was introduced to sustain this contention. It was to meet this evidence that the moving picture was pro-

dnced and offered. We think the court was right in refusing to admit the picture in evidence. A motion picture does not of itself prove an actual occurrence. The thing reproduced must be established by the testimony of witnesses. While the photograph may be a proper representation of the thing produced, yet the testimony of witnesses is required to verify the production. "Theoretically, of course, the moving picture can never be assumed to represent the actual occurrence; what is seen in it is merely what certain witnesses say was the thing that happened, and, moreover, the party's hired agents may so construct it as to go considerably further in his favor than the witnesses' testimony has gone, and yet any moving picture is apt to cause forgetfulness of this, and to impress the jury with the convincing impartiality of Nature herself. In view of these inherent risks of misleading, the trial judge may well deem a picture unsafe and inadmissible, when the introductory evidence has not convinced him that the risk is negligible." 2 Wigmore on Evidence, § 798.

[2] Testimony was produced on behalf of the defendants tending to show the process of manufacture of glass caskets of different sizes and in all stages, and with this evidence before the jury it was for the trial court to determine whether a photograph or moving picture, such as was offered, was sufficiently verified as a proper representation of the process of manufacture as it actually existed. This court will not assume, on this record, to determine this question, and if, as contended by counsel for appellant, the testimony relative to the process of manufacture completely verifies the picture, then he cannot successfully claim injury from the refusal of the court to repeat this testimony to the jury by a moving picture display of the facts already in evidence. This is not the case of a photograph used to show the relative position of different objects, or to reconcile disputed issues of fact. The proof as to conditions of manufacture at the Oklahoma plant were testified to by witnesses presumed to be familiar with existing conditions; hence the admission of the motion pictures would have amounted to nothing more than a spectacular display of a situation based upon facts in evidence.

[3, 4] It is urged by counsel for defendant that he could not be found guilty of conspiracy, inasmuch as the codefendant Reed was acquitted, and the jury disagreed as to the guilt of Howe. It is true that a conspiracy can only exist between two or more persons, and a single defendant could not be guilty of the crime. If the defendants in this case had been jointly tried, with the result of defendant De Camp convicted, and the acquittal of the remaining four, we might have a different case; but Acker and Lacy had obtained a severance, and had not been tried at the time of appellant's conviction. Howe had not been acquitted, and the result of a retrial cannot be conjectured. There is abundance of evidence in this record showing conspiracy between defendant and Howe, Acker, and Lacy, and the mere fact that these codefendants have not been tried will not avail this defendant. "Where three persons are tried separately, under an indictment charging them with conspiracy, and one is found guilty before the trial of the other two, the possibility that the others may be acquitted is not a sufficient reason for holding the judgment of conviction of the one irregular." Reg. v. Ahearne, 6 Cox, C. C. 6.

[5] Error is assigned in the admission of the testimony of an expert witness in respect of testimony relating to certain phases of making glass. The witness duly qualified as an expert and was asked the question: "Considering the known methods of making and annealing glass at that time, is it your opinion that glass burial caskets could be made and annealed successfully?" To which he answered: "It would, in my opinion, be hardly feasible to do it commercially." The question was relevant to the issue under consideration, and was propounded to a witness who had qualified as an expert on the subject. The objection was therefore without foundation, and properly overruled by the court.

[6] Error is assigned on the alleged misconduct of the district attorney in the cross-examination of the codefendant Howe. The witness was being interrogated as to the whereabouts of certain original documents which he last saw in the files of the Crystal Glass Casket Company. The district attorney, having elicited this answer, said: "Now I call on counsel to produce those originals." Counsel for appellant objected to the statement, and asked the court to withdraw a juror and continue the case. The court promptly denied the motion and cautioned the jury as follows:

"And, gentlemen of the jury, I will say to you that this matter that arose just as you were leaving, and which was continued with great animation after you left by counsel, looks in the direction of attempting to require a defendant to furnish information

against himself. Now, under our law and Constitution, that cannot be done. No defendant on trial for crime can be required to take the stand and testify against himself. or to produce papers or to give information which he controls tending to incriminate him or prove the charge against him. This is his full legal right, and there is to be no presumption drawn against a man of any kind, if he sees fit not to take the stand and testify. It is just as much his right to sit still and say nothing as it is to walk down the street, and he is not to be criticized if he exercises his right. And so it is with the papers. If he has got any papers which bear on the matter, he is entitled to keep them, and he is not to be presumed against or criticized if he does not."

This fully protected defendant from any possible prejudice which he might have sustained had the matter passed without this caution from the court. Reasonable intelligence must be accorded the jury, and it seems clear that the average juryman. could not have failed to have understood and appreciated the force of the caution thus received from the court. Defendant was not compelled to take the stand by reason of this incident, since it occurred in the cross-examination of the codefendant Howe, and after the caution by the court there was nothing in the incident left which called for any explanation by defendant, or required his going upon the stand.

[7] Error is assigned relative to the refusal of certain prayers offered by counsel for defendant. It appears that identically the same prayers were offered by counsel for Reed, and allowed by the court. It is now contended that the refusal of the court to grant the same prayers on behalf of appellant amounted to a discrimination against him. This objection is totally without merit. The court was not called upon to duplicate his instructions, or to give the same prayer on behalf of each of the respective defendants. His charge was general with respect to each and all of the defendants. At the express request of counsel for appellant, the court stated to the jury: "That the instructions that were read here yesterday by counsel were instructions as to the law asked by counsel, and in most cases, if not all, conceded by the district attorney. Whether they were conceded or not, they were granted by the court as the instructions of the court on the law governing the case." This statement of the court was with direct reference to the prayers which it was sought to have the court duplicate as to each of the defendants.

We deem it unnecessary to consider certain other objections made by counsel for defendant. We are convinced that he was accorded a fair and impartial trial, and that the evidence is amply sufficient to support the verdict.

The judgment is affirmed.