**UNITED STATES of America,**
**Appellee,**

v.

**Harold Marshall COPELAND, Appellant.**

**No. 8360.**

United States Court of Appeals
Fourth Circuit.

Argued Oct. 4, 1961.

Decided Oct. 25, 1961.

Certiorari Denied Jan. 8, 1962.

See 82 S.Ct. 398.

---

Gerald F. White, Elizabeth City, N. C. (Russell E. Twiford and McMullan, Ayd-lett & White, Elizabeth City, N. C., on the brief), for appellant.

Lafayette Williams, U. S. Atty., Greensboro, N. C. (James E. Holshouser, former U. S. Atty., Greensboro, N. C., on the brief), for appellee.

Before SOPER, BRYAN and BELL, Circuit Judges.

BELL, Circuit Judge.

The appellant was convicted of violating the Internal Revenue laws relating to distilled spirits and sentenced by the Court to imprisonment for a period of forty months. From this judgment he appeals, contending that the Trial Judge committed prejudicial error in admitting in evidence two statements which were offered to prove a conspiracy.

The appellant makes three contentions with respect to this evidence: that the first statement was not introduced in the proper order during the trial in that it was offered prior to introducing independent evidence of the conspiracy; that there was no evidence offered at any time during the trial tending to prove that a conspiracy existed when the first statement was made; and finally, that both statements were hearsay.

■■ With reference to the first contention, there can be no question but that the order of the reception of evidence lies within the discretion of the Trial Judge, whose action will not be reversed on appeal unless it amounts to a gross abuse of discretion. United States v. Manton, 2 Cir., 107 F.2d 834, Braatelien v. United States, 8 Cir., 147 F.2d 888, Tingle v. United States, 8 Cir., 38 F.2d 573, Cohen v. United States, 2 Cir., 157 F. 651. We find no such abuse here.

The cases relied on by the appellant are not at variance with these principles. Cf. Hauger v. United States, 173 F. 54, from this Circuit, which involved a confession by an alleged conspirator after he had been arrested.

With reference to the second contention, the testimony complained of consisted of two separate statements made

by different parties at different times to the government witness Brown. The first was on October 5, 1960, when Brown testified that Wilson, one of the alleged conspirators, told Brown that he had made an agreement with the appellant Copeland and a Mr. White under the terms of which Wilson was to furnish them sugar at $12 a bag and jars at cost, and in turn Copeland and White were to furnish Wilson whiskey at $20 per case. On October 6th White in person confirmed to Brown the terms of this agreement. On October 8th the appellant Copeland indirectly confirmed the agreement by telling the witness Brown that he needed fruit jars at the still. On October 9th Copeland confirmed to Brown the exact terms of the agreement which were set forth in the statement complained of. On October 11th Copeland delivered to Brown 101 cases of illicit whiskey for which Wilson paid Copeland in Brown's presence. What more direct evidence can be adduced to prove the existence of the conspiracy which Wilson disclosed to Brown on October 5th? Wilson had previously employed Brown to haul liquor for him and the statement constituted instructions and information to Brown necessary to enable him intelligently to perform his work.

The imparting of this information was in furtherance of the plan or scheme which we find in full operation within forty-eight hours. There was more than enough evidence in the record from which the jury could conclude that the operation had been under way prior to October 5th. This being true, the declarations such as those quoted above of all of the conspirators are a part of the res gestae and, therefore, admissible. Wiborg v. United States, 163 U.S. 632, 657, 16 S.Ct. 1127, at 1197, 41 L.Ed. 289. Each conspirator is in law a partner and agent of every other member of the conspiracy. Hitchman Coal & Coke Company v. Mitchell, 245 U.S. 229, 38 S.Ct. 65, 62 L.Ed. 260, L.R.A.1918C, 497, Ann. Cas.1918B, 461.

The second statement in question to which the appellant objected was made by Sharp, another of the conspirators, on October 15th. By that date direct evidence showed Copeland deeply involved as a major participant in the illicit operation. When the witness Brown asked Sharp if he had seen Copeland the reply was that Copeland had been at Sharp's place earlier in the day, that he was no longer there, but probably at the still or out gathering sugar. Obviously this statement was not offered to prove that Copeland was at the still or out gathering sugar. As to those facts it was not only hearsay but mere speculation; it did, however, tend to prove that Copeland was participating in the conspiracy as well as Sharp, and it was obviously offered for that purpose. Furthermore the statement, in that it gave information and advice to Brown in the form of an opinion, was clearly in furtherance of the conspiracy. It is obvious, therefore, that both statements were admissible in evidence since they furthered the conspiracy and were made in the process thereof, nor were they hearsay evidence in the strict sense of the word. In Murray v. United States, 7 Cir., 10 F.2d 409, 411, the Court, referring to testimony of this type, pointed out that the declarations were not only admissible because in furtherance of the conspiracy but were not hearsay:

> "As already stated, the remote hearsay was not hearsay at all. It consisted in statements made by one conspirator to his co-conspirators as inducement and encouragement to go on with the contemplated crime. Such statements were therefore in furtherance of the conspiracy, and the fact that they were the quoted statements of others does not make them hearsay. Proof of the fact that a certain statement was made is not hearsay of that fact. It is hearsay of the truth of the statement."

There being no error, the judgment below is affirmed.