**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**James Hubert SALTER, Defendant-
Appellant.**

**No. 15917.**

United States Court of Appeals
Sixth Circuit.

June 10, 1965.

———◆———

Frank E. Haddad, Jr., Louisville, Ky., for appellant.

Wayne J. Carroll, Asst. U. S. Atty., Louisville, Ky., William E. Scent, U. S. Atty., Louisville, Ky., on the brief, for appellee.

Before WEICK, Chief Judge, O'SULLIVAN, Circuit Judge, and McALLISTER, Senior Circuit Judge.

WEICK, Chief Judge.

Appellant Salter was convicted by a jury in the District Court on a two-count indictment which charged him with transporting Barbara H. Williams and Linda Ann Fitzpatrick in interstate commerce from Cleveland, Ohio, to Louisville, Kentucky, for purposes of debauchery and prostitution, in violation of Title 18 § 2421, U.S.C. Both women had been transported by Salter simultaneously in Salter's automobile. The Court treated the convictions on the two counts as a single offense on the authority of Bell v. United States, 349 U.S. 81, 75 S.Ct. 620, 99 L.Ed. 905 (1955). He sentenced Salter to eighteen months' imprisonment and fined him $1,000. This appeal is from the judgment of conviction.

The principal contention of Salter was that the verdict of the jury was not supported by substantial evidence. His motions for judgment of acquittal were denied by the Court. He rested his case at the close of the Government's evidence in chief.

■ In considering the issue as to the sufficiency of the evidence, we are required to view the evidence as well as the inferences properly deducible therefrom in the most favorable light to the government. E. g., United States v. Carter, 311 F.2d 934 (C.A.6, 1963) cert. denied Felice v. United States, 373 U.S. 915, 83 S.Ct. 1301, 10 L.Ed.2d 415; United States v. Sykes, 305 F.2d 172 (C.A.6, 1962) rev. on other grounds in 376 U.S. 364, 84 S.Ct. 881, 11 L.Ed.2d 777; United States v. Decker, 304 F.2d 702 (C.A.6, 1962); United States v. Berkley, 288 F.2d 713 (C.A.6, 1961) cert. denied 368 U.S. 822, 82 S.Ct. 41, 7 L.Ed. 2d 27.

■ The Government's evidence consisted of the testimony of Linda, Barbara, a cab driver and a banker. Salter did not take the witness stand. If the evidence is sufficient to sustain the conviction on either count, the judgment must be affirmed.

Salter and Barbara had been living together in Cleveland. In February, 1963, they went to Birmingham, Alabama, where they stayed for about one month. Barbara left Birmingham and went to the Allen Hotel in Louisville, where she was joined by Salter. They moved into an apartment, living there for about four months.

In Louisville Barbara engaged in prostitution, earning from four hundred to six hundred dollars between February and June. Her price was fifteen dollars and upwards.

Salter had a peddler's license to sell costume jewelry in Louisville. He had a bank account in a Louisville bank. He received one hundred sixty dollars a month in checks from the Veterans' Administration for disability benefits. There was no evidence as to his income from jewelry sales. He drove a Cadillac automobile.

A cab driver testified as to driving Barbara around. He met her at a house of prostitution. The cab driver had a conversation with Salter, who told him that Barbara was to have only "white dates."

The following question was propounded to Barbara, and she answered as indicated:

"Q. Do you recall in that same statement telling the member of the Louisville Vice Squad, 'The money we both made hustling, we put in the bank and paid our bills with.' Do you recall making that statement?

A. Yes. He put his money in the bank and I paid my bills."

Barbara testified that Salter drove her to Nashville, Tennessee, to attend the graduation of a relative. They gave up their apartment in Louisville. While in Nashville they met Linda and her boy friend. The two couples drove in separate cars to Cleveland, Ohio. Salter was required to go there to get a license for his automobile since he had only a temporary one. They remained in Cleveland for about three weeks.

While in Cleveland Linda engaged in prostitution. Salter had knowledge of this fact. Salter drove Barbara and Linda back to Louisville in his automobile. Linda paid Salter seven dollars to help defray the expense. When they arrived in Louisville, Linda registered at the Henry Clay Hotel as Sarah Blake, and Barbara and Salter registered as Mr. and Mrs. John Knight. They all used one room on the first night. On the next day Linda secured a room of her own, and she engaged in prostitution. She gave money to Salter once or twice, but did not remember how much. On one occasion she borrowed Salter's car to transport to her hotel room a person with whom she fulfilled a prostitution date. She was arrested that evening, which was one day after her arrival in Louisville.

There was no evidence that Barbara engaged in prostitution during their three weeks' stay in Cleveland or during the short time in Louisville before Linda was arrested.

We think there was abundant evidence to support the verdict of guilty with respect to Count II involving the transportation of Linda. Salter knew she was engaged in prostitution in Cleveland. She engaged in prostitution immediately upon their arrival in Louisville. She made one or two payments to Salter.

█ The jury could conclude from all the evidence that the real intent of Linda's transportation from Cleveland to Louisville was for the purpose of prostitution. Bush v. United States, 267 F.2d 483 (C.A.9, 1959).

█ It was not necessary to prove that the interstate transportation was for the sole purpose of prostitution. It is sufficient if prostitution was only one of the dominant purposes. E. g., United States v. Farber, 336 F.2d 586 (C.A.6, 1964); Lindsey v. United States, 227 F.2d 113 (C.A.5, 1955) cert. denied 350 U.S. 1008, 76 S.Ct. 653, 100 L.Ed. 869; Batsell v. United States, 217 F.2d 257 (C.A.8, 1954); Hardie v. United States, 208 F.2d 694 (C.A.5, 1953); Dunn v.

United States, 190 F.2d 496 (C.A.10, 1951).

Salter contended with respect to Count I of the indictment charging the transportation of Barbara, that the trip to Cleveland was for a lawful purpose, namely, to secure license plates for his car; that Barbara engaged in no acts of prostitution while in Cleveland; and that in transporting her to Louisville he was merely returning to their home. He relied on Mortensen v. United States, 322 U.S. 369, 64 S.Ct. 1037, 88 L.Ed. 1331 (1944). The District Judge charged the jury in this respect:

"Now, if you ladies and gentlemen believe that this—that this trip was merely to go to Cleveland for this legitimate purpose and to return and that was the intention in taking this trip, then of course, you could not find that this transportation of this particular victim from Cleveland to Louisville was for immoral purposes or purposes of prostitution."

The jury evidently did not believe that the trip to Cleveland and return was for a legitimate purpose. The jury's verdict was supported by direct as well as circumstantial evidence and inferences which the jury could draw therefrom.

The facts in the present case are materially different from Mortensen, on which Salter relies. Salter transported a new victim from Cleveland, who had engaged in prostitution not only there but in Louisville as soon as she arrived. The jury was not required to regard Louisville as the home of Salter and Barbara, but rather could consider it as a temporary base for their illicit operations. The jury might not have believed that Salter gave up his apartment in Louisville just to go to Cleveland for his automobile license.

In any event, as we have pointed out, the evidence clearly supported the conviction on Count II. The judgment could be affirmed on this count alone.

█ No objection was made by Salter to the Court's charge. Subsequently the

jury asked the Court a question of law and the Court repeated his instruction as to the elements of the offense. No objection was made to this supplemental instruction.

■ Salter now claims that the Court should have given another instruction on reasonable doubt. This was unnecessary since the supplemental instruction is interpreted in the light of the instructions previously given. Whitt v. United States, 261 F.2d 907, 909 (C.A.6, 1959).

Furthermore, failure to object to the charge precludes Salter from raising this question. Rule 30 Fed.R.Crim.P.; Baker v. United States, 310 F.2d 924 (C.A.9, 1962) cert. denied 372 U.S. 954, 83 S.Ct. 952, 9 L.Ed.2d 978; United States v. Decker, supra.

Affirmed.