**UNITED STATES of America,**
**Plaintiff-Appellee,**

v.

**Edward Earl HOPKINS, Defendant-**
**Appellant.**
**No. 16129.**

United States Court of Appeals
Sixth Circuit.
Feb. 17, 1966.

Harry M. Hoffheimer, Cincinnati, Ohio, for appellant.

G. Wilson Horde, Asst. U. S. Atty., Knoxville, Tenn. (J. H. Reddy, U. S. Atty., Knoxville, Tenn., on the brief), for appellee.

Before EDWARDS, Circuit Judge, and BROWN and GREEN, District Judges.*

GREEN, District Judge.

Defendant-appellant, hereinafter referred to as defendant, was convicted by a jury in the United States District Court for the Eastern District of Tennessee on a two-count indictment charging violations of the "mail fraud" statute, 18 U. S.C. § 1341.[1]

---

* Honorable Bailey Brown, United States District Judge for the Western District of Tennessee, and Honorable Ben C. Green, United States District Judge for the Northern District of Ohio, sitting by designation.

1. Whoever, having devised or intending to devise any scheme or artifice to defraud, or for obtaining money or property by means of false or fraudulent pretenses, representations, or promises, or to sell, dispose of, loan, exchange, alter, give away, distribute, supply, or furnish or procure for unlawful use any counterfeit or spurious coin, obligation, security, or other article, or anything represented to be or intimated or held out to be such counterfeit or spurious article, for the purpose of executing such scheme or artifice or attempting so to do, places in any post office or authorized depository for mail matter, any matter or thing whatever to be sent or delivered by the Post Office Department, or takes or receives therefrom, any such matter or thing, or knowingly causes to be delivered by mail according to the direction thereon, or at the place at which it is directed to be delivered by the person to whom it is addressed, any such matter or thing, shall be fined not more than $1,000 or imprisoned not more than five years, or both.

The scheme to defraud, as charged in the indictment, was basically as follows.

Beginning on or about December 26, 1963 defendant devised a scheme to obtain money by means of false pretenses from Richard F. Wilburn, J. D. Gray, and others who would respond by mail to a newspaper advertisement which had been placed in two Knoxville, Tennessee newspapers on January 1, 1964,[2] and succeeding dates, the said ad reading as follows:

> BUILD A HOUSE. Be the first to start construction in the spring. I have on hand enough framing, sheeting, plumbing, wiring, roofing, flooring, in fact everything for a house 24 × 40. All new, not used. A real bargain for the one who has cash. *Write P. O. Box 2442, Knoxville, for details.* Let my loss be your bargain. (Emphasis added.)

The indictment charged that persons responding to the said ad would be induced to order building materials from the defendant, making payment in advance, and that defendant did not intend to deliver all building materials paid for, but rather intended to convert to his own use the money received, while in some instances delivering a portion, but not all, of the materials so ordered.

The indictment further charged that as a part of the scheme defendant would, through the use of fictitious, false, or unauthorized use of names of others, obtain building materials on credit from suppliers for display to the prospective purchaser and for use in making partial deliveries to actual purchasers.

The first count of the indictment specifically alleged that on January 10, 1964, in furtherance of the fraudulent scheme, defendant caused a letter to be mailed to P.O. Box 2442, Knoxville, Tennessee.[3]

The second count of the indictment charged that on or about January 18, 1964, in furtherance of the scheme, defendant did take and receive from Box 2442 a postal card addressed to the said Post Office Box.[4]

The elements of the offense of mail fraud under 18 U.S.C. § 1341 are (1) a scheme to defraud and (2) the mailing of a letter, etc., for the purpose of executing the scheme. Pereira v. United States, 347 U.S. 1, 8, 74 S.Ct. 358, 98 L. Ed. 435 (1954).

On this appeal, defendant challenges the sufficiency of the evidence to establish the first element of the offense, the fraudulent scheme, and as to each count raises questions concerning the second element, the use of the mails.

With regard to the use of the mails as it pertains to the second count, the mailing relied upon by the Government was a postcard from Mr. Gray which read: "Please describe or list materials advertised and prices." Defendant contends that this mailing was not of such a nature as to support the conviction on the second count, citing the Supreme Court decisions in Parr v. United States, 363 U.S. 370, 80 S.Ct. 1171, 4 L.Ed.2d 1277 (1960) and Kann v. United States, 323 U.S. 88, 65 S.Ct. 148, 89 L.Ed. 88, 157 A.L.R. 406 (1944).

The Court recognizes the rule of the *Parr* and *Kann* cases, as exemplified by other lower court decisions cited by defendant's counsel, that the use of the mails must be a step in the execution of the scheme charged in the indictment, and not incidental thereto, in order to constitute an element of the offense under § 1341. The Court is of the opinion, however, that under the facts of this case the use of the mails was a vital part of the defendant's operation.

---

2. At the trial it developed that the actual first date of publication was December 28, 1963.

3. The letter referred to in this count was written by Mrs. Richard F. Wilburn, Lenoir, Tennessee.

4. The postcard referred to was written by Mr. J. D. Gray of Morristown, Tennessee.

■ By reason of the fact that defendant's newspaper ad contained only a Post Office box number to which response could be made, it was essential that the mails be utilized by anyone wishing to reply to defendant's ad. Thus, the very inception of the alleged particular frauds was dependent upon the use of the mails.

This fact situation is clearly distinguishable from those authorities cited by defendant, in that it is one "where the mails are used prior to, and as one step toward, the receipt of the fruits of the fraud." Kann v. United States, supra, 323 U.S. at p. 94, 65 S.Ct. at p. 151. As such, it is within the reach of 18 U.S.C. § 1341.

■ It is not necessary that the false representations were themselves transmitted by mail. It is sufficient that the use of the mails was caused by the defendant in furtherance of the fraudulent scheme. United States v. Sorce, 308 F.2d 299 (CA 4, 1962), cert. den., 377 U.S. 957, 84 S.Ct. 1635, 12 L.Ed.2d 500 (1964).

In attacking the conviction on count one, defendant poses the following question:

> Can a defendant who has been charged with causing the mailing of a letter for the purpose of executing a scheme to defraud be convicted of mail fraud when there is no proof either of the content or of the tenor of the letter?

The mailing which was the subject of count one was a letter purportedly written by Mrs. Wilburn on January 10, 1964. The letter was not introduced into evidence, nor was there specific testimony as to its contents.

Mrs. Wilburn testified that she and her husband read defendant's "Build a Home" ad, and her husband instructed her to answer the ad; that she wrote a letter in answer to the ad addressed to P.O. Box 2442, Knoxville, Tennessee and put it in her rural route mailbox and put the flag up; that subsequently she received a phone call from the defendant who asked if they were the ones that had answered his ad in the paper and were interested in building a home; that the defendant stated to her that he had received their letter in response to his ad.

Defendant testified that he received numerous responses to his ad, from which he selected five to contact, including the Wilburns. The only type response defendant could have received to his ad was by the use of the mail.

On this state of the record the Court is satisfied that the evidence is such as to justify the conclusion that there was a use of the mails, as charged in count one.

■ There was direct testimony that the letter was written, placed into the regular mail channels, and testimony acknowledging receipt of the letter by the defendant. The Court is of the opinion that the proof herein meets the test stated in Whealton v. United States, 113 F.2d 710 (CA 3, 1940); Mackett v. United States, 90 F.2d 462 (CA 7, 1937) and United States v. Baker, 50 F.2d 122 (CA 2, 1931), that there must be proof of mailing by either direct or circumstantial evidence.

In the cases set forth above, cited by defendant, there was either a failure of proof on the use of the mails, *Mackett* and *Baker,* or a failure of proof as to who had mailed the letter in question, *Whealton.* That is not the situation presented herein, and the Court does not consider the authorities relied upon sufficient to support the conclusion urged by defendant.

■ As previously set forth herein, the contents of the mailing are not controlling, so long as it is clear that the use of the mails was in furtherance of the fraudulent scheme. On the record, it appears that but for the letter in question the Wilburns and defendant would not have come into contact with each other. Proof as to the specifics of the letter, under these circumstances, is therefore not essential.

The remaining assignment of error relates to both counts of the indictment, in that defendant urges that the evidence was insufficient to support a finding

that a fraudulent scheme existed, being an essential element of the offense under 18 U.S.C. § 1341. It is contended that the defendant lacked the requisite fraudulent intent, and that all that has been shown herein are simple breaches of contract.

In considering this issue we must view the evidence, together with inferences properly deducible therefrom, in the light most favorable to the Government. Glasser v. United States, 315 U.S. 60, 80, 62 S.Ct. 457, 86 L.Ed. 680 (1942); United States v. Salter, 346 F.2d 509 (CA 6, 1965); Ross v. United States, 197 F.2d 660 (CA 6, 1952). It must also be borne in mind that the question of intent is generally considered to be one of fact to be resolved by the trier of the facts, in this case the jury, and the determination thereof should not be lightly overturned. Silverman v. United States, 213 F.2d 405, 407 (CA 5, 1954); Battjes v. United States, 172 F.2d 1, 5 (CA 6, 1949). Resolution of the question of intent is to be determined by the trier of facts from all the circumstances reasonably contemporaneous with the questioned transaction, Henderson v. United States, 202 F.2d 400, 403 (CA 6, 1953), Stone v. United States, 113 F.2d 70, 74–5 (CA 6, 1940), including acts subsequent to the actual use of the mails, United States v. Buchner, 108 F.2d 921, 926 (CA 2, 1940).

In this case there is ample evidence that Mr. Wilburn (count one) and Mr. Gray (count two) did not receive all the merchandise for which they paid defendant.

In addition to such evidence, there were many other facts and circumstances which the jury properly could have taken into consideration in determining defendant's intent in entering into the said transactions.

There is evidence in the record that many of defendant's activities were carried on in the names of others, although defendant testified that in most instances such actions were in fact taken by these other persons. He acknowledged responsibility for certain of the activities, but denied that others were done on his behalf. None of the other persons alleged to have participated with, or to have assisted, defendant appeared as witnesses.

There was evidence that defendant procured a large part of the materials which he did deliver to Mr. Gray and Mr. Wilburn on credit in names other than his own, after collecting in advance from Mr. Gray and Mr. Wilburn. One of the said creditors received payment on threat of legal action, while another replevined part of the merchandise ordered.

The record also indicates that defendant was purchasing new materials, including those mentioned above, from lumber and electrical supply houses in Knoxville in order to furnish such materials as he did deliver to the complaining witnesses. These materials were purchased at regular market prices, but defendant's representation to the complaining witnesses was that he could sell cheaply because he was buying from fire sales and bankrupt and railroad sales. The prices at which defendant contracted to sell a substantial part of the materials to the complaining witnesses was less than his purchase price from these suppliers.

In short, there is substantial evidence in the record, including but not limited to that recited above, that defendant was making a concerted effort to "cover his tracks," and the jury was clearly entitled to take such evidence into account in determining the defendant's intent.

Defendant in his testimony consistently maintained that he dealt with Mr. Wilburn and Mr. Gray in good faith and would have fulfilled his commitments to them if given adequate time. On this appeal defendant's good faith is strenuously urged in conjunction with the rule that a mail fraud conviction cannot be sustained when a person enters upon a scheme in good faith, no matter how visionary it may be. Durland v. United States, 161 U.S. 306, 16 S.Ct. 508, 40 L.Ed. 709 (1896); Gold v. United States, 36 F.2d 16 (CA 8, 1929); Sandals v. United States, 213 F. 569 (CA 6, 1914).

The District Court in charging the jury fully reviewed and set forth defendant's contentions regarding his intent in entering into the transactions in question. The jury was instructed that if the defendant did not have an intent to defraud Mr. Wilburn or Mr. Gray the jury should find him not guilty.

In addition, the District Court permitted into evidence, over objection by the Government, testimony by another individual who had responded to defendant's ad and who was satisfied with his dealings with the defendant.

It is the Court's conclusion that on the entire record there was evidence sufficient for a jury to determine that the defendant had the requisite intent to defraud and had devised a scheme to obtain money by false and fraudulent pretenses.

In urging a reversal of the conviction herein counsel has laid great stress upon this court's recent decision in United States v. Rabinowitz, 327 F.2d 62 (CA 6, 1964), wherein convictions on an indictment for mail fraud were reversed. That case is clearly distinguishable from the instant one.

In *Rabinowitz* the defendants were engaged in selling knitting machines to the public. Each prospective customer saw the machine prior to purchase, and each got the machine contracted for. The alleged fraudulent representations concerned statements made to the purchasers regarding the potential performance of the machines and the promise of profits which could be made therefrom. In summarizing in that case, the court stated:

> There is every evidence that these defendants had confidence in the machine and program. They continued even into 1958 to send out cards urging their purchasers to knit. They kept their offices open for the purchase of garments. Mihaly said if they could have gotten garments, he was sure there would have been a profit.
>
> There was sales talk, yes—there were exaggerations. But they were made to people who had seen the ma-

chines and could presumably know their own capabilities. That both salesmen and purchasers were mistaken as to this does not spell out an intent to deceive. id., pp. 80–81.

The considerations set forth above do not apply in this case. This case does not present an example of a salesman's "puffing" regarding a product sold and delivered, but rather reflects the receipt of money on a promise of delivery and a failure to meet that promise. Whether such failure was as a result of honest inability to fully perform, being only a civil breach of contract, or was a premeditated fraudulent scheme in violation of Title 18 § 1341 was for the jury to decide, and they have done so.

The judgment of the District Court is affirmed.

The court expresses its appreciation to Mr. Harry M. Hoffheimer of the Cincinnati Bar for his services as court-appointed counsel for appellant.