**Jack PARKS, Appellant,**

v.

**UNITED STATES of America, Appellee.**

**No. 23046.**

United States Court of Appeals Fifth Circuit.

Nov. 22, 1966.

Rehearing Denied Dec. 21, 1966.

---

Ernest May, Shirley W. Maclin, Fort Worth, Tex., for appellant.

Robert S. Travis, Asst. U. S. Atty., Fort Worth, Tex., Melvin M. Diggs, U. S. Atty., for appellee.

Before BROWN, COLEMAN, and AINSWORTH, Circuit Judges.

PER CURIAM.

The appellant was convicted of causing the interstate transportation of falsely made and forged American Express mon-ey orders, in violation of 18 U.S.C. § 2314, and of conspiring to commit that offense in violation of 18 U.S.C. § 371.

■ As a part of the chain of evidence that the money order forms had been taken from the rightful custodians and thereafter completed by forgery the Government was allowed, in considerable detail, to show that possession passed to unauthorized persons by means of burglary and robbery. The burglars and robbers were not identified; it was not claimed that Parks was one of them. We are of the opinion that the proof went only so far as to leave no doubt that by these means the money order forms did fall into the hands of those who had no authority to complete them. For this purpose it was competent. Since there was no intimation that appellant was an actual participant in the robberies or burglaries we are not presented with prejudicial proof of other offenses for which the defendant was not on trial.

■ An element of hearsay was allowed to creep into the proof concerning the identification of appellant's voice in a certain telephone conversation. Counsel for appellant resisted admission on other than hearsay grounds. We do not consider this to fall within the plain error classification, nor could it be held prejudicial in the light of convincing proof aliunde the hearsay item.

■ Appellant likewise complains of the order of proof, specifically that statements of co-conspirators made in furtherance of the conspiracy were admitted in advance of positive proof of Parks' acts, statements, and conduct establishing his participation therein. We perceive no abuse of discretion in this regard, United States v. Sansone, 2 Cir., 1956, 231 F.2d 887, cert. den. 351 U.S. 987, 76 S.Ct. 1055, 100 L.Ed. 1500; United States v. Copeland, 4 Cir., 1961, 295 F.2d 635, cert. den. 368 U.S. 955, 82 S.Ct. 398, 7 L.Ed.2d 388.

The jury was fully and adequately charged. We cannot agree that there was reversible error in this particular.

Affirmed.