**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Patrick SANGMEISTER, Defendant-Appellant.**

**No. 80–1823.**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Jan. 11, 1982.

Decided Aug. 31, 1982.

Kenneth G. Freitas, Wiener, Waldman & Gordon, Las Vegas, Nev., for defendant-appellant.

Edward J. Kane, Asst. U. S. Atty., Reno, Nev., for plaintiff-appellee.

Before BROWNING, Chief Judge, SKOPIL and NORRIS, Circuit Judges.

SKOPIL, Circuit Judge:

Patrick Sangmeister and Michael Dennis Jones were indicted under 21 U.S.C. § 841(a)(1) for conspiracy to possess and distribute cocaine. Other unnamed conspirators were charged in the original indictment. At the commencement of trial the Government acknowledged that it did not have sufficient evidence of the existence of other conspirators. The jury found Sangmeister guilty but was unable to reach a verdict as to Jones. Jones was granted a new trial, but Sangmeister's motion for a new trial or alternatively for judgment of acquittal was denied. After Jones was convicted and sentenced for a similar offense, the Government dismissed the case against Jones.

Sangmeister appeals his conviction contending that (1) there was insufficient evidence to convict Jones, the only possible co-conspirator and (2) inability of the jury to reach a verdict as to Jones requires reversal of Sangmeister's conviction. We affirm.

I.

On May 3, 1980 Shirley Ann Fair, working on behalf of the Drug Enforcement Administration ("DEA"), telephoned Michael Dennis Jones, a former paramour. They discussed the idea of contacting Patrick Sangmeister, a mutual acquaintance in Las Vegas, as a possible supplier of cocaine. Fair represented that she had a customer for the drug named "Ron," (a DEA agent) for whom she would act as a go-between with Jones. Jones' role in the drug scheme was to provide his knowledge of suppliers such as Sangmeister and others who "he thought had ... cocaine." Because "Patrick Sangmeister didn't know [Fair] as well as Michael did," Jones was to vouch for Fair and to assure Sangmeister of her trustworthiness as a dealer.

On May 4, 1980 Jones and Fair flew from Reno to Las Vegas to attend a wedding and, according to Fair, to arrange for procurement of cocaine from Sangmeister. On May 5, 1980 Sangmeister met with Fair and Jones and entered preliminary negotiations for an agreement to distribute the drug. Tape recordings of later telephone conversations between Fair and Sangmeister introduced by the Government indicated that Sangmeister "had a contact in Los Angeles that ... could get pretty good quantities of cocaine and good quality." Fair testified, however, that they did not come to a specific agreement because "I told him that I had to talk to Ron before I made any commitments." On May 6, 1980 Fair returned to Reno and in subsequent telephone calls

made arrangements with Sangmeister who agreed to supply one ounce of cocaine. No transaction ever took place.

On June 19, 1980 a three-count indictment charged Sangmeister and Jones with conspiracy to distribute cocaine.[1] A three-day jury trial resulted in the conviction of Sangmeister and a hung jury with respect to Jones. Sangmeister's motion for a new trial was denied, and he filed timely notice of appeal.

## II.

■ Viewing the evidence in the light most favorable to the Government, *Glasser v. United States*, 315 U.S. 60, 80, 62 S.Ct. 457, 469, 86 L.Ed. 680 (1942); *United States v. Wolfson*, 634 F.2d 1217, 1218 (9th Cir. 1980), there was sufficient evidence of "an agreement to accomplish an illegal objective, coupled with one or more overt acts in furtherance of the illegal purpose and the requisite intent necessary to commit the underlying substantive offense." *United States v. Bailey*, 607 F.2d 237, 243 (9th Cir. 1979), *cert. denied*, 445 U.S. 934, 100 S.Ct. 1327, 63 L.Ed.2d 769 (1980) (quoting *United States v. Friedman*, 593 F.2d 109, 115 (9th Cir. 1979)). *See United States v. Kaiser*, 660 F.2d 724, 730 (9th Cir. 1981); *United States v. Federico*, 658 F.2d 1337, 1343 (9th Cir. 1981). The prosecution's case rested on the testimony of Fair, and her testimony, if believed, would have shown that Jones agreed to find suppliers of cocaine, which Fair would deliver to buyers, and that Jones arranged with Sangmeister for him to sell cocaine to Fair.

## III.

Because a person cannot conspire with himself, the Government must prove that at least two people were involved in the conspiracy. *Iannelli v. United States*, 420 U.S. 770, 785, 95 S.Ct. 1284, 1293, 43 L.Ed.2d 616 (1975); 18 U.S.C. § 371. *See United States v. Andreen*, 628 F.2d 1236, 1248 (9th Cir.

1980); *United States v. Melchor-Lopez*, 627 F.2d 886, 892 (9th Cir. 1980). Sangmeister argues that as Jones was his only possible co-conspirator,[2] the jury had to find Jones guilty for the verdict against Sangmeister to stand. Sangmeister argues that the hung jury acted as an acquittal of Jones because it indicated that the "jury had some question as to whether or not [Jones was] part of the conspiracy." *United States v. Heath*, 580 F.2d 1011, 1021 (10th Cir. 1978), *cert. denied, sub nom. Babb v. United States*, 439 U.S. 1075, 99 S.Ct. 850, 59 L.Ed.2d 42 (1979). *Compare United States v. Becton*, 632 F.2d 1294, 1295 (5th Cir. 1980), *cert. denied*, —— U.S. ——, 102 S.Ct. 141, 70 L.Ed.2d 117 (1981) (hung jury may not reflect insufficient evidence but merely independence of jury).

■ While "[i]nconsistency in a verdict is not a sufficient reason for setting it aside," *Harris v. Rivera*, —— U.S. ——, ——, 102 S.Ct. 460, 464, 70 L.Ed.2d 530 (1981); *Dunn v. United States*, 284 U.S. 390, 52 S.Ct. 189, 76 L.Ed. 356 (1932); *see United States v. Dunn*, 564 F.2d 348, 360 (9th Cir. 1977); *United States v. Zamora-Corona*, 465 F.2d 427, 428 (9th Cir. 1972), Sangmeister properly asserts that a limited rule of consistency applies to conspiracies. This rule requires that, when all possible co-conspirators are tried jointly, an "acquittal of one of two conspirators operates as an acquittal of the other." *United States v. Gardner*, 475 F.2d 1273, 1277 (9th Cir. 1973). *See United States v. Duz-Mor Diagnostic Laboratory, Inc.*, 650 F.2d 223, 226 n.3 (9th Cir. 1981); *United States v. Dunn, supra*, at 360 n.24.

■ Sangmeister seeks shelter in the rule of consistency by arguing that a hung jury and later dismissal of charges against Jones was tantamount to Jones' acquittal. It is well settled, however, that in situations in which only one conspirator is brought to trial or the conspirators are tried separately, the conviction of the other conspirator

---

1. Prior to trial, Counts II and III were dismissed as to both defendants and are not at issue here.

2. As Fair was working as a government agent, she could not have the requisite criminal intent. *See, e.g., United States v. Martino*, 648 F.2d 367, 405 (5th Cir. 1981).

may stand. A *nolle prosequi* has been found not the equivalent of an acquittal, *United States v. Fox*, 130 F.2d 56, 58 (3d Cir.), *cert. denied*, 317 U.S. 666, 63 S.Ct. 74, 87 L.Ed. 535 (1942), and "[c]onspiracy prosecutions have been allowed to proceed in a variety of contexts notwithstanding the fact that some or all of the coconspirators are immune." *Sparkman v. McFarlin*, 601 F.2d 261, 274 (7th Cir. 1979). Further, the prosecution may decide to prosecute only one member of the conspiracy, *see Ng Pui Yu v. United States*, 352 F.2d 626, 633 (9th Cir. 1965), or an accused may be found guilty of a conspiracy if there is sufficient evidence of an unnamed unindicted co-conspirator. *United States v. Gardner, supra. See also United States v. Sheikh*, 654 F.2d 1057, 1062 (5th Cir. 1981). Finally, a conspiracy conviction may stand after the prosecution has dismissed conspiracy charges against the alleged co-conspirator, *United States v. Coronado*, 554 F.2d 166, 171 n.7 (5th Cir.), *cert. denied*, 434 U.S. 870, 98 S.Ct. 214, 54 L.Ed.2d 149 (1977); or when charges against co-conspirators have been severed. *United States v. Shipp*, 359 F.2d 185, 189 (6th Cir.), *cert. denied*, 385 U.S. 903, 87 S.Ct. 213, 17 L.Ed.2d 134 (1966).

A verdict of not guilty as to Jones would require reversal of Sangmeister's conviction, *United States v. Coronado, supra.* The fact that the jury was unable to reach a decision as to Jones, however, amounted neither to an acquittal nor a conviction. *United States v. Becton, supra.* Double jeopardy does not bar reprosecution of an accused after a hung jury, *United States v. Sanford*, 429 U.S. 14, 16, 97 S.Ct. 20, 21, 50 L.Ed.2d 17 (1976), and thus the failure of a jury to reach a verdict is more properly viewed as a non-event. Rather than a dismissal on the merits, this was a case, as in a *nolle prosequi*, where "neither guilt nor innocence of the co-conspirator had been established." *United States v. Shipp, supra.*

As the hung jury is the failure of the jury to reach a verdict as to the co-conspirator, we are not faced with inconsistent verdicts. We are disinclined to expand the rule of consistency in conspiracy judgments to situations in which there is a hung jury with respect to one co-conspirator.

AFFIRMED.

NORRIS, Circuit Judge, dissenting:

I respectfully dissent from part III of the majority's opinion. I think a "rule of consistency" requires reversal of a defendant's conviction when a jury is unable to reach a verdict on the defendant's only possible co-conspirator.

The only justification I see for not following the rule of consistency is that Sangmeister should not benefit from the happenstance of a joint trial: had Jones and Sangmeister been tried separately, a hung jury for Jones might not have saved Sangmeister. *Cf. United States v. Shipp*, 359 F.2d 185, 189 (6th Cir.) (conspiracy conviction stands after severance of charges against co-conspirator), *cert. denied*, 385 U.S. 903, 87 S.Ct. 213, 17 L.Ed.2d 134 (1966). But this same reason would presumably justify rejection of the rule of consistency when a jury *acquits* one of two conspirators; yet an "acquittal of all but one of the alleged conspirators requires acquittal of the remaining defendant." *United States v. Patterson*, 678 F.2d 774, 781 (9th Cir. 1982); *cf. United States v. Socony-Vacuum Oil Co.*, 310 U.S. 150, 246, 60 S.Ct. 811, 854, 84 L.Ed. 1129 (1940) (dictum) (new trial for defendant's co-conspirators requires new trial for defendant). Thus, the rule of consistency requires that when one of two conspirators is acquitted, the other is acquitted; when one of two conspirators receives a new trial because the verdict is set aside by the trial judge or on appeal, the other receives a new trial; it follows that when one of two conspirators receives a new trial because of a hung jury, the other should receive a new trial.

I agree with the majority that the jury's inability to agree on Jones' verdict technically "amounted neither to an acquittal nor a conviction." *Ante,* at 1127. Thus, double jeopardy would not prevent reprosecution of Jones. But I do not agree that this makes it a "non-event" for *all* purposes. In

this case, at least one juror voted to acquit Jones and yet convict Sangmeister of conspiring with Jones. That is not a non-event; it is an inconsistency which, for me, compels reversal of Sangmeister's conviction if we are to apply the rule of consistency with consistency.