881 F.2d 1070
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Robert Kent LANG, Defendant-Appellant.
 No. 88-5574.
 United States Court of Appeals, Fourth Circuit.
 Argued May 12, 1989.
Decided July 26, 1989.
Rehearing and Rehearing In Banc Denied Sept. 12, 1989.
 
 Brian Keith Stevens (Martin, Meyer, Rothenberg, Goergen & Henley on brief) for appellant.
 N. George Metcalf, Assistant United States Attorney (Henry E. Hudson, United States Attorney on brief) for appellee.
 Before DONALD RUSSELL and SPROUSE, Circuit Judges, and JAMES C. TURK, United States District Judge for the Western District of Virginia, sitting by designation.
 PER CURIAM:
 
 
 1
 Following a trial by jury, appellant Robert Kent Lang was convicted of 23 counts of mail fraud in violation of 18 U.S.C. Secs. 1341 and 1342, four counts of using a false social security number in violation of 42 U.S.C. Sec. 408(g)(2), and six counts of making false claims against a department or agency of the United States in violation of 18 U.S.C. Sec. 287. Appellant was sentenced to fifteen years' imprisonment, five years' probation, and was ordered to make restitution in the amount of $13,978.00. It is from these convictions that appellant now makes this timely appeal. For the reasons stated below, we affirm.
 
 I.
 
 2
 Appellant devised a scheme whereby he fraudulently represented himself as an employer of domestic employees using the names of three different fictitious businesses. Each business represented itself as being staffed by four to six employees, and Virginia state taxes were paid for each. These employees were then allegedly laid off, and claims for unemployment benefits were filed by the appellant on behalf of each fictitious employee with the Virginia Employment Commission ("V.E.C."). The appellant used fictitious social security numbers and rented numerous post office boxes throughout Virginia in order to establish residency for each fictitious employee and secure the claims.
 
 
 3
 During the course of this endeavor, the appellant appeared personally at the offices of the V.E.C. on several occasions. Eventually, his appearance aroused the suspicions of a Commission worker. Specifically, this worker recognized the appellant as a person who had presented claims to the Commission using two different names at two separate locations. After a short investigation, the appellant was arrested, tried, and convicted.
 
 II.
 
 4
 Appellant first argues that the district court erred when it denied his motion to set aside the guilty verdict on the mail fraud counts because the Government failed to prove that in pursuing his scheme, he actually used the mails. We find this argument to be without merit.
 
 
 5
 The elements of the offense of mail fraud under 18 U.S.C. Sec. 1341 are (1) a scheme to defraud and (2) the use of the United States mails for the purpose of executing the scheme. Evidence of mailing sufficient to sustain a conviction for mail fraud may be either direct or circumstantial. United States v. Hopkins, 357 F.2d 14, 17 (6th Cir.), cert. denied, 385 U.S. 858 (1966); United States v. Scott, 730 F.2d 143, 146 (4th Cir.1984).
 
 
 6
 While there is no direct evidence on record to show that the appellant used the mails in furtherance of his scheme, such as post-marked and addressed envelopes, the only logical inference to be drawn from testimony given at trial is that in fact the appellant did use the mails. For example, Pat Williams, an employee of the V.E.C., gave unrefuted, detailed testimony about the benefit process and the method by which claims are made and received. Her testimony was that approximately one percent of all claims are processed without the use of the United States mail service. When this statistic is considered and the dates of the numerous claims by the appellant are considered, it is abundantly clear that the appellant must have used the mails to make and collect the bulk of his claims. Records kept by the V.E.C. for claims received by the appellant show that he would have had to be present in two Virginia locations, miles apart, at the same time, on numerous occasions, in order to personally receive the check directly from the Virginia Employment Commission.
 
 
 7
 We are bound to sustain the verdict of the jury if there is "substantial evidence, taking the view most favorable to the Government, to support the findings of guilt." Glasser v. United States, 315 U.S. 60, 80 (1942). "Where the evidence construed most favorably for the Government is such that the jury might find the defendant guilty beyond a reasonable doubt, then the evidence is sufficient to sustain a finding of guilt." Id. at 199-200.
 
 
 8
 Here, there was no evidence introduced into the record that the appellant acted in concert with another in making and reviewing these bogus claims. The unrefuted testimony of Ms. Williams, held in the light most favorable to the Government, shows it to be impossible for the appellant to have personally made and received all claims without the use of the United States mails. Accordingly, the appellant's conviction for mail fraud under 18 U.S.C. Sec. 1341 is affirmed.
 
 III.
 
 9
 Appellants' next contention is that, however criminal, his false claims were made against the V.E.C., a state agency, not a department or agency of the United States, and accordingly no federal jurisdiction lies to prosecute this matter. 18 U.S.C. Sec. 287 provides:
 
 
 10
 Whoever makes or presents to any person or officer in the civil, military, or naval service of the United States, or to any department or agency thereof, any claim upon or against the United States, or any department or agency thereof, knowing such claim to be false, fictitious, or fraudulent, shall be [guilty of an offense].
 
 
 11
 At trial, Sonny Bryant, an associate regional administrator for unemployment insurance for the United States Department of Labor with over twenty-five years' experience, explained the relationship between state and federal agencies in the unemployment compensation system. From his testimony, it is clear that the United States has both a ministerial and pecuniary interest in the administration of state employment programs and that the federal presence is more than evanescent. We also find importance in the fact that here, the state was required to account for all monies spent showing that the federal government here had more than titular control of disbursement of the funds.
 
 
 12
 Section 287 was enacted by Congress to protect the Government from fraudulent claims. When false claims implicating federal funds are made through an intermediary, such as a state agency, Section 187 is applicable. United States v. Littlefield, 840 F.2d 143, 151 (1st Cir.1988). The proportion of the funds implicated or a defendant's awareness that any or all of these funds are ultimately to be provided by an agency of the federal government is irrelevant. Id. Cf. United States v. Montoya, 716 F.2d 1340, 1343 (10th Cir.1983).
 
 
 13
 We find that the record is replete with evidence that federal funds were implicated in the appellant's scheme to defraud the Virginia Employment Commission. Paying proper respect to the construction of Section 287, we find appellant's conviction judgment to be proper.
 
 
 14
 AFFIRMED.