972 F.2d 1344
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Delbert FRAME, Defendant-Appellant.
 No. 91-10245.
 United States Court of Appeals, Ninth Circuit.
 Submitted July 14, 1992.*
Decided July 16, 1992.
 
 Before WALLACE, Chief Judge, and CHOY and POOLE, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 I.
 
 2
 Appellant retired from the Humboldt County Sheriff's Department in 1978 as a result of bad health. Appellant's bad health continued, and he was hospitalized at least three times in 1989 for a gall bladder operation and for heart problems. Appellant, together with his wife, his son, and his daughter-in-law, owned 29 acres of property. On May 18, 1989, officer's from the Humboldt County Sheriff's Department searched the property pursuant to a warrant, and discovered several marijuana gardens and a building containing gardening tools and equipped for marijuana drying and processing. In addition to gardening equipment, the building contained three all-terrain vehicles (ATV), chain saws, a lawn mower, a water timer, camouflage fabric and paint, a radio scanner, and a CB radio. One of the ATV's was registered to appellant. Officer's found a receipt for gas signed by appellant and dated in 1988, and a hand-written note above some of the equipment which read: "Don't run I drained old oil (signed) Del." Evidence of marijuana drying and processing included drying racks containing marijuana residue, nails in the walls suitable for stringing twine, dehumidifiers, an electric heater, a fan, and a thermometer.
 
 
 3
 A search of appellant's home uncovered seven pill containers holding marijuana seeds, a bottle of fluid used in germination, four issues of the magazine "High Times," photos of marijuana plants, a marijuana seed catalogue with the order form torn out, and letters addressed to appellant from a Dutch mail order marijuana seed company confirming appellant's orders for seeds. Also found in appellant's home were an owner's manual for the model of radio scanner found at the building, a scale with marijuana residue on it, $8,736 in cash, a radio scanner, and a piece of paper with radio frequencies used by the local drug task forces written on it.
 
 
 4
 The total amount of marijuana recovered included 464 plants (weighing 134 pounds), from seven separate gardens. Four of the gardens were on appellant's property; three were on a neighboring lot within 300 yards of the building. The gardens were hidden and camouflaged, and accessible by trails suitable for ATVs. The gardens were watered both by hand and automatically, and the water was at least partially supplied by a pumphouse on appellant's property.
 
 
 5
 Appellant Delbert Frame was convicted following a bench trial on stipulated facts of conspiracy to possess marijuana with intent to distribute in violation of 21 U.S.C. § 846, aiding and abetting the manufacture of marijuana plants in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2, and possession of marijuana with intent to distribute in violation of 21 U.S.C. § 841(a)(1). Appellant was sentenced to the mandatory minimum sentence of 60 months, with a subsequent term of four years of supervised release. Frame appeals his sentence and conviction.
 
 II.
 A. DUE PROCESS
 
 6
 Appellant relies heavily on United States v. Williams, 746 F.Supp. 1076 (D.Utah 1990), in arguing that the federal prosecution, which resulted from a referral by state authorities, violated his right to due process. This holding of Williams has been overturned, however, by the Tenth Circuit. United States v. Williams, 963 F.2d 1337 (10th Cir.1992). The Tenth Circuit, in rejecting the district court's due process analysis, held that:
 
 
 7
 "In the absence of proof that the choice of forum was improperly motivated or based on an impermissible classification as a matter of constitutional law," prosecution in a federal rather than a state court does not violate due process despite the absence of guidelines for such referral.
 
 
 8
 Id. at 13 (quoting United States v. Morehead, 959 F.2d 1489, 1499 (10th Cir.1992)). We have likewise held that:
 
 
 9
 Unless a defendant can prove that the decision to initiate federal prosecution is arbitrary, capricious, or based on race, religion, gender, or similar suspect characteristics, there are no grounds for finding a due process violation, even when the motive for federal prosecution is that harsher sentences are available.
 
 
 10
 United States v. Nance, No. 91-30193, slip op. 5623, 5633 (9th Cir. May 18, 1992) (per curiam) (citation omitted). Thus, there is no merit to appellant's claim that he was denied due process by the lack of an objective referral policy.
 
 
 11
 We also have noted that even if a defendant's due process rights have been violated by an arbitrary or capricious charging decision, there is no judicial remedy "absent proof of discrimination based on suspect characteristics." Id. at 5633 (citing United States v. Redondo-Lemos, No. 90-10430, slip op. 1149, 1159 (9th Cir. Feb 5, 1992) and United States v. Diaz, 961 F.2d 1417, ---- (9th Cir.1992)).
 
 
 12
 Thus, even were we to accept appellant's claim that the referral to federal authorities was a product of caprice and bullying, we would have to affirm as he has failed to demonstrate that the referral was discriminatory.
 
 B. SUFFICIENCY OF THE EVIDENCE
 
 13
 When reviewing a challenge to the sufficiency of the evidence following a bench trial on stipulated facts, we will "affirm if, viewing the evidence in the light most favorable to the government, 'any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.' " United States v. Mena, 925 F.2d 354, 356 (9th Cir.1991) (quoting United States v. Gillock, 886 F.2d 220, 221-22 (9th Cir.1989)).
 
 
 14
 The government argues that we should review for plain error since appellant failed to renew the motion for acquittal at the end of trial pursuant to Fed.R.Crim.P. 29. See United States v. Floyd, 945 F.2d 1096, 1098 (9th Cir.1991) ("[W]hen counsel fails to object to the sufficiency of the evidence at the end of trial, this court can review this issue only for plain error."), amended on other grounds, 956 F.2d 203 (9th Cir.1992). Appellant argues that the normal rule requiring renewal of the motion at the close of all the evidence is inapplicable to bench trials, citing United States v. Pulido-Santoyo, 580 F.2d 352 (9th Cir.), cert. denied, 439 U.S. 915 (1978), in support. Pulido-Santoyo, while expressly declining to decide the appropriate standard of review, noted that "[t]he only courts to decide the issue have reasoned that in a bench trial a plea of not guilty is the functional equivalent of a motion to acquit and that sufficiency questions are always fully reviewable on appeal." Id. at 355. We need not decide whether Floyd requires us to review for plain error, however, since appellant's claim is meritless under either standard.
 
 
 15
 Appellant first argues that the evidence was insufficient to establish that he had aided and abetted the cultivation of the marijuana plants during the 1989 growing season. We disagree. From the facts related above, ample evidence exists to support the verdict of the trier of fact. From appellant's possession of seeds, germinating fluid, the police scanner, his ownership of the land, building, and tools employed in the growing of the plants, etc., a reasonable trier of fact could infer that he had the specific intent to facilitate the production of marijuana by another, as well as the intent to commit the underlying offense of manufacturing marijuana plants. The same facts, together with evidence of appellant's presence in the building containing the gardening and drying equipment support the conclusion that he assisted or participated in the commission of offense. Finally, as appellant concedes, it is apparent from the facts of the case that someone committed the underlying substantive offense of manufacturing marijuana. See United States v. Litteral, 910 F.2d 547, 550 (9th Cir.1990) (elements of aiding and abetting).
 
 
 16
 Next appellant argues that the evidence was insufficient to establish that he had ever possessed the marijuana plants. In specific, appellant contends that the government failed to establish that appellant knew of the marijuana on his property, and that he ever actually exercised dominion and control over the property. See United States v. Terry, 911 F.2d 272, 278 (9th Cir.1990) (discussing requirements for establishing constructive possession).
 
 
 17
 For the reasons discussed above, we reject appellant's claim that the evidence was insufficient to prove that he knew of the marijuana on his property. Ample evidence existed to allow a reasonable trier of fact to conclude that he had such knowledge.
 
 
 18
 We also disagree with appellant that the district court erroneously found him to be in constructive possession of the marijuana. As we held in United States v. Chambers, 918 F.2d 1455 (9th Cir.1990), "[c]onstructive possession may be demonstrated by 'circumstantial evidence that the defendant had the power to dispose of the drug.' " Id. at 1457 (quoting United States v. Disla, 805 F.2d 1340, 1350 (9th Cir.1986). The district court, relying on the scale bearing traces of marijuana and the large amount of cash recovered from appellant's home, drew the reasonable inference that appellant had been distributing marijuana, thus supporting the conclusion that appellant actually did exercise control over the marijuana growing on his land. Given the deference owed to the finder of fact, we do not believe this finding was erroneous.[1]
 
 
 19
 Finally, appellant contends that there was insufficient evidence to support the conspiracy charge since, according to appellant, there was no evidence that he had ever entered into an agreement to accomplish an illegal objective. As we held in Litteral, however, "[t]he prosecution need not show the agreement to have been explicit. An implicit agreement may be inferred from the facts and circumstances of the case." 910 F.2d at 550. It is irrelevant that appellant's coconspirator(s) were not identified. See United States v. Sangmeister, 685 F.2d 1124, 1127 (9th Cir.1982) ("[A]n accused my be found guilty of a conspiracy if there is sufficient evidence of an unnamed unindicted co-conspirator."). Here there was ample evidence from which the court could reasonably concluded that two or more individuals had participated in the manufacture of marijuana, that the defendant had also participated in the manufacturing enterprise with the requisite intent to manufacture the marijuana, and that he had made overt acts such as providing the seeds and equipment necessary to the production. Moreover, from all of the facts and circumstances, the court could reasonably infer that appellant had agreed with the other participants to accomplish the illegal objective of manufacturing the marijuana.
 
 
 20
 C. STATUTORY MINIMUM MANDATORY BASED ON QUANTITY OF DRUGS
 
 
 21
 Appellant asserts that his right to due process has been violated by sentencing him to the mandatory minimum term of five years under 21 U.S.C. § 841(b)(1)(B) despite his alleged lack of subjective knowledge of the quantity of marijuana plants. The government correctly notes, however, that the district court found that appellant "knowingly possessed more than one hundred marijuana plants." Appellant responds by arguing that the district court's conclusion that he knowingly possessed the plants is unsupported by any evidence showing that he actually knew of the number of plants. Frame argues that Application Note 1 to U.S.S.G. § 1B1.3 supports his claim by specifying that relevant conduct for determining the appropriate guidelines range should include only "jointly-undertaken criminal activity that was reasonably foreseeable by the defendant." As the illustrations to the Application Note make clear, however, the "reasonably foreseeable" standard undercuts rather than supports appellant's position. The Note provides the following illustration:
 
 
 22
 Defendant A, one of ten off-loaders hired by Defendant B, was convicted of importation of marijuana, as a result of his assistance in off-loading a boat containing a one-ton shipment of marihuana. Regardless of the number of bales of marihuana that he actually unloaded, and notwithstanding any claim on his part that he was neither aware of, nor could reasonably foresee, that the boat contained this quantity of marihuana, Defendant A is held accountable for the entire one-ton quantity of marihuana on the boat....
 
 
 23
 U.S.S.G. § 1B1.3, Application Note 1(a). Thus, even absent any direct evidence of appellants actual knowledge of the number of plants involved, the district court did not err in concluding for purposes of conviction and sentencing that Frame had the requisite knowledge. See United States v. Klein, 860 F.2d 1489, 1495 (9th Cir.1988); United States v. Normandeau, 800 F.2d 953, 956 (9th Cir.1986).
 
 
 24
 Nor is there merit to Frame's argument that his constitutional rights are violated by enhancing his sentence without proof of actual knowledge. As appellant notes, the Second Circuit has rejected this argument. See United States v. Collado-Gomez, 834 F.2d 280, 281 (2d Cir.1987), cert. denied, 485 U.S. 969 (1988). Our reasoning in Klein also forecloses appellant's argument. As was the case in Klein, no suspect classification is implicated by the enhancement based strictly on quantity. Thus, we "only need to identify a rational basis for this congressional decision." Klein, 860 F.2d at 1500. And, as we recognized in Normandeau, Congress did have a rational basis:
 
 
 25
 Congress simply wanted to deal more severely with large-volume marijuana dealers. We conclude that proof that an accused knew how much marijuana was involved is not an element of a section 841(a) offense. Through their involvement in the illegal transaction, defendants assumed the risk of enhanced penalties....
 
 
 26
 800 F.2d at 956 (citation and footnote omitted). Thus, even assuming that there was no direct evidence that appellant actually knew the precise number of marijuana plants involved, there was no due process violation in sentencing appellant based on the actual number since this furthers Congress' rational goal of punishing large volume marijuana dealers more harshly.
 
 D. FAILURE TO CONSIDER PURITY OF DRUGS
 
 27
 As appellant concedes, our decision in Klein, 860 F.2d at 1501 ("Omission of purity considerations does not violate due process or equal protection guarantees"), controls. There was no error in sentencing appellant without considering the purity of the marijuana involved.
 
 E. LACK OF INDIVIDUALIZED SENTENCE
 
 28
 As appellant concedes, we have already squarely rejected the claim that the Sentencing Guidelines do not allow sufficiently individualized sentencing to comply with constitutional requirements. See United States v. Brady, 895 F.2d 538, 540 (9th Cir.1990).
 
 F. TRANSFER OF SENTENCING AUTHORITY
 
 29
 As appellant concedes, our decision in United States v. Sanchez, 908 F.2d 1443, 1446 (9th Cir.1990), controls. The Sentencing Guidelines do no effect an unconstitutional transfer of sentencing authority.
 
 
 30
 AFFIRMED.
 
 
 
 *
 Pursuant to Ninth Circuit Rule 34-4, the panel unanimously finds this case suitable for disposition without oral argument
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 We note that the finding of possession could equally well have been supported by the district court's conclusion that appellant was a participant in a joint venture, and the other participant or participants were indisputably exercising control over the marijuana. See United States v. Smith, No. 89-10649, slip op. 4441, 4451-4453 (9th Cir. April 24, 1992)