**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 16-10159 |
| Plaintiff-Appellee, | D.C. No. 1:13-cr-01039-HG-1 |
| v. | |
| GILBERT LEE MEDINA, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Hawaii
Helen W. Gillmor, District Judge, Presiding

Submitted February 12, 2018[**]
Honolulu, Hawaii

Before:  O'SCANNLAIN, CLIFTON, and IKUTA, Circuit Judges.

After a jury trial, Gilbert Medina was found guilty of multiple offenses and

sentenced to life imprisonment.  Medina argues that the district court allowed

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  See Fed. R. App. P. 34(a)(2).

improper witness testimony and that his sentence violates the Eighth Amendment. We affirm.

1. The district court did not abuse its discretion when it allowed testimony about an effort to collect Medina's drug debt. *See United States v. Preston*, 873 F.3d 829, 835 (9th Cir. 2017). While the personal knowledge requirement of Fed. R. Evid. 602 does not allow a witness to "speculate, guess, or voice suspicions," it does allow "opinions and inferences grounded in observations and experience." *United States v. Whittemore*, 776 F.3d 1074, 1082 (9th Cir. 2015) (internal quotation marks and citation omitted); *see also* Fed. R. Evid. 602. At trial, a coconspirator testified about her knowledge of and involvement with the drug conspiracy, including delivering narcotics to Medina and her attempt to collect money from him for prior drug transactions. Her testimony was based upon "inferences grounded in observations and experience," and was not improper. *See Whittemore*, 776 F.3d at 1082 (citation omitted). Moreover, because the testimony was "offered against an opposing party and . . . was made by the party's coconspirator during and in furtherance of the conspiracy," it was not hearsay. Fed. R. Evid. 801(d)(2)(E).

Nor did the district court abuse its discretion when it admitted testimony about drugs found at another coconspirator's house. Along with Medina's written

confession, up to nine packages sent between Medina and the coconspirator from December 2012 to March 2013, and other evidence in the record, the testimony was relevant to whether the coconspirator was Medina's drug source. *See* Fed. R. Evid. 401. The coconspirator did not need to be named in Medina's indictment in order for the testimony about the drugs to be admitted. *See United States v. Sangmeister*, 685 F.2d 1124, 1126-27 (9th Cir. 1982).

Finally, any improper testimony was harmless error. *See United States v. Edwards*, 235 F.3d 1173, 1178 (9th Cir. 2000) ("Such decisions will be reversed for an abuse of discretion only if such nonconstitutional error more likely than not affected the verdict."). The jury heard testimony from six coconspirators, testimony about Medina's signed confession, and a recording of Medina planning a drug transaction. It is clear that any error did not affect the verdict.

2.      Medina's challenges to his life sentence also fail. At every stage of the proceedings the Government explained that it would seek a 21 U.S.C. § 851 enhancement if it had the necessary state court documents, and it updated Medina and the district court on its progress in acquiring the documents. The Government's effort to seek the enhanced sentence was not vindictive or retaliatory.

Medina's claim that his sentence violates the Eighth Amendment is foreclosed by our precedent. *See United States v. Jensen*, 425 F.3d 698, 708 (9th Cir. 2005) (affirming a sentence of life imprisonment without the possibility of parole for a drug conviction); *see also Miller v. Gammie*, 335 F.3d 889, 893 (9th Cir. 2003) (en banc) (holding that a three-judge panel is bound by circuit precedent unless "the reasoning or theory of our prior circuit authority is clearly irreconcilable with the reasoning or theory of intervening higher authority").

**AFFIRMED.**