09-4127-bk
In re: Refco, Inc.

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 20th day of April, two thousand ten.

PRESENT:
> BARRINGTON D. PARKER,
> DEBRA ANN LIVINGSTON,
> GERARD E. LYNCH,
> > *Circuit Judges.*

_____

Michelle Y. Coe,

> *Appellant,*

> v.                                          09-4127-bk

RJM, LLC, as Plan Administrator for Refco, Inc.,

> *Appellee.*

_____

FOR APPELLANT: Michelle Coe, *pro se*, Indianapolis, Indiana.

FOR APPELLEE:  Steven Wilamowsky, Rheba Rutkowski, Stephanie W. Mai; Bingham McCutchen LLP; New York, New York.

Appeal from a judgment of the United States District Court for the Southern District of New York (Sullivan, *J.*).

**UPON DUE CONSIDERATION IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court be **AFFIRMED.**

Appellant Michelle Coe, *pro se*, appeals from the judgment of the district court dismissing her appeal from a bankruptcy court order denying her motion for reconsideration.  In bankruptcy court, Appellant sought reconsideration of an order denying her motion to lift an automatic stay and of two separate orders expunging her claims (Claim 10835 and Claim 12512) **against Appellee Refco, Inc.**  She then sought reconsideration of the order denying her motion to reconsider the motion to lift the automatic stay.  The bankruptcy court denied the motions on the grounds that (1) the motion to lift the stay was moot, and (2) Appellant did not meet her burden of proving that the expungement orders should be reconsidered on the basis of her alleged non-receipt of Appellee's omnibus objections to her claims.

As an initial matter, we note that the district court's review was limited to the orders entered by the bankruptcy court on July 31, 2007, and August 10, 2007, because Appellant's request for a decision on her motion to lift the automatic stay, construed by the bankruptcy court as a motion for reconsideration of the orders disallowing her claims, did not toll the time to appeal from those orders because it was not filed within ten days of the order expunging Claim 12512 entered by the bankruptcy

2

court in April 2007.  *See* Fed. R. Bankr. P. 8002.* We assume the parties' familiarity with the facts and procedural history.

Upon review of the record and case law, the district court correctly found that the bankruptcy court did not abuse its discretion in denying Appellant's motions for reconsideration. This Court's review of the orders of the district courts in their capacity as appellate courts in bankruptcy cases is plenary.  *In re First Cent. Fin. Corp.*, 377 F.3d 209, 212 (2d Cir. 2004); *see also* Fed. R. Civ. P. 52(a); *In re Ionosphere Clubs, Inc.*, 922 F.2d 984, 988 (2d Cir. 1990) (noting that, in reviewing an appeal from the bankruptcy court to the district court, this Court conducts the same review over the district court's decision as that court exercised over the bankruptcy court's decision).

Bankruptcy Rule 9024 provides that reconsideration motions in the bankruptcy court are governed by Rule 60 of the Federal Rules of Civil Procedure.  Fed. R. Bankr. P. 9024.  Rule 60 provided:

> On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or

*Rule 8002 was amended effective December 1, 2009, to provide that a motion for reconsideration filed pursuant to Bankruptcy Rule 9024 within 14 days after the entry of judgment, rather than 10 days, tolls the time to appeal.  The earlier time limit applies in this case because the relevant proceedings in the bankruptcy court took place in 2007.

extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment. The motion shall be made within a reasonable time, and for reasons (1), (2), and (3) not more than one year after the judgment, order, or proceeding was entered or taken.

Fed. R. Civ. P. 60(b). Because Appellant's appeal to the district court concerned the bankruptcy court's orders denying her motions for reconsideration, this Court reviews each of those decisions for abuse of discretion. *See Transaero, Inc. v. La Fuerza Aerea Boliviana*, 162 F.3d 724, 729 (2d Cir. 1998); *Devlin v. Transp. Commc'ns Int'l Union*, 175 F.3d 121, 131-32 (2d Cir. 1999). "A district court would necessarily abuse its discretion if it based its ruling on an erroneous view of the law or on a clearly erroneous assessment of the evidence." *Transaero*, 162 F.3d at 729 (internal quotation marks omitted).

In this case, the bankruptcy court did not abuse its discretion in determining that Appellant failed to satisfy Rule 60(b). As the bankruptcy court properly determined, Appellant made only unsubstantiated allegations that she did not receive Appellee's objections to her claims. Even if Appellant had alleged to the bankruptcy court, as she does to this Court, that on March 6, 2007, she moved from one address in Miami to another but subsequently was unable to receive forwarded mail at her new

4

address because the owner of the property rejected her mail and directed that it be returned, and as a result she never received Appellee's omnibus motion to disallow certain claims, including Claim 12512, her allegations are unsupported by any affidavits or other evidence. Appellant therefore failed to meet her burden under Rule 60(b).

We have considered all of Appellant's remaining arguments and find them to be without merit. For the reasons stated above, the judgment of the district court is AFFIRMED.

FOR THE COURT:

Catherine O'Hagan Wolfe, Clerk
